**Irving A. SIEGEL, Plaintiff,**

v.

**The HOLSON COMPANY, and Thomas E. Hoffmeister, Defendants.**

**No. 91 Civ. 1739 (JFK).**

United States District Court, S.D. New York.

July 16, 1991.

Vladeck, Waldman, Elias & Engelhard, P.C., New York City (Laura S. Schnell, Stuart Lichten, of counsel), for plaintiff.

Finn, Dixon & Herling, Stamford, Conn. (Donna Nelson Heller, of counsel), for defendants.

OPINION AND ORDER

KEENAN, District Judge:

Before the Court is the motion of defendant Thomas E. Hoffmeister ("Hoffmeister") for an order, pursuant to Fed.R.Civ.P. 12(b)(2), dismissing the complaint as to him for lack of personal jurisdiction. For the reasons set forth below, Hoffmeister's motion is granted.

*Facts*

Plaintiff Irving A. Siegel brought this diversity action against The Holson Company ("Holson"), and Hoffmeister, its president, for tortious interference with plaintiff's contractual relationship and prospec-

tive business relations with his employer, Strauss', Inc. ("Strauss'"). Plaintiff is a Connecticut resident. Defendant Holson is a Delaware corporation with its principal place of business in Rhode Island. Defendant Hoffmeister is a Massachusetts resident.

Plaintiff was employed by Holson, a manufacturer of photo albums and picture frames, from 1966 until he was fired in November, 1990. After his termination, plaintiff secured employment with Strauss', a direct manufacturing representative group in New York, New York. On November 30, 1990, Hoffmeister sent a letter to Eugene Siegal, president of Strauss', stating that by soliciting Holson's customers, Siegel was violating agreements requiring non-competition and confidentiality that he signed during his employment with Holson. The letter also notified Strauss' that Holson intended to enforce its rights concerning Strauss' employment of plaintiff. *See* Complaint ¶ 11. In December, 1990 and January, 1991, Hoffmeister sent two more letters to Eugene Siegal threatening legal action. *See* Complaint ¶ 12–13. Plaintiff alleges that Hoffmeister sent these three mail and telecopier communications to the president of Strauss' in New York with the intent of causing Strauss' to dismiss plaintiff.

On January 10, 1991, Strauss' terminated plaintiffs' employment contract. Plaintiff alleges that Strauss' would have continued to employ him if the defendant had not sent the three letters at issue. He further alleges that Hoffmeister's threats were malicious and without legitimate basis because he had no valid obligations to Holson which prevented his employment by Strauss'.

## Discussion

At this phase of the litigation, before any discovery has been completed, the plaintiff can defeat a motion to dismiss for lack of personal jurisdiction by making a *prima facie* showing of jurisdiction over Hoffmeister; that showing may be made solely by allegations. *See Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.1990) ("Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, *see* Fed.R.Civ.P. 11, legally sufficient allegations of jurisdiction. At that preliminary stage, the plaintiff's *prima facie* showing may be established solely by allegations."), *cert. denied*, —— U.S. ——, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990).

Because this is a diversity action, New York law dictates whether this Court may exercise personal jurisdiction over the defendant. *See Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985). Accordingly, the Court must determine whether New York's long-arm jurisdictional statute, Civil Practice Law and Rules ("CPLR") § 302 [1], affords a basis for jurisdiction in this case. Because the Court is deciding the motion solely on the basis of affidavits and pleadings, it must resolve any doubts in favor of the plaintiff. *See Interface Biomedical Laboratories v. Axiom Medical, Inc.*, 600 F.Supp. 731, 735 (E.D.N.Y.1985). To defeat defendant's motion, Siegal must make a *prima facie* showing that "facts may exist" which would afford this Court personal jurisdiction over defendant Hoffmeister under the state's long-arm statute. *See Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir.1981).

■ CPLR § 302(a)(3)(ii) permits this Court to exercise personal jurisdiction over

---

1. CPLR § 302 provides in pertinent part:
   (a) **Acts which are the basis of jurisdiction.** As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
     *   *   *   *   *   *
   (3) commits a tortious act without the state causing injury to person or property within the

state, except as to a cause of action for defamation of character arising from the act, if he
  *   *   *   *   *   *
(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce;....

Hoffmeister if he committed a tortious act outside the state of New York which caused injury within the state and that if he personally derived "substantial revenue from interstate commerce." Defendant argues that his conduct did not bring him within the Court's jurisdiction pursuant to CPLR § 302(a)(3)(ii) because he sent the letters into New York only in his capacity as president of the Holson Company, and that the sending of the letters is therefore inadequate to support the Court's jurisdiction over him in his personal capacity. Defendant argues further that he has no non-professional contacts with New York that would subject him to the jurisdiction of this Court consistent with due process.

Turning to the provisions of § 302(a)(3)(ii), while Hoffmeister is the president of a company that derives substantial revenue from interstate commerce, that revenue is not imputed to Hoffmeister for jurisdictional purposes because he is a non shareholding officer of the corporation. *See Merkel Assoc. Inc. v. Bellofram Corp.,* 437 F.Supp. 612 (W.D.N.Y.1977). The case can be distinguished from *Facit, Inc. v. Krueger, Inc.,* 732 F.Supp. 1267 (S.D.N.Y.1990), where the officers of a corporation were subject to personal jurisdiction because they were major shareholders of the company for whom they were employed. In fact, in *Facit,* two individuals formed a corporation for the purpose of competing with a company with whom they had individually contracted not to compete. The activities of the company in that case were therefore properly imputed to its officers for jurisdictional purposes. There is no indication and no allegation that Hoffmeister personally derives any revenue from interstate commerce. Therefore, he is not subject to this Court's jurisdiction under this section of the long-arm statute.

■ Plaintiff argues that defendants' motion should be denied because the defendant essentially seeks to avoid the Court's jurisdiction by invoking the fiduciary shield doctrine, which has been held to be invalid in New York. In some jurisdictions, the defense confers immunity upon corporate officers who act within a state solely on behalf of a corporation. *See Merkel,* 437 F.Supp. at 618 ("The purpose of such a 'fiduciary shield' from long-arm jurisdiction is to protect corporate officers from unreasonable and unjust subjection to personal jurisdiction...."). Other courts have recognized the fact that corporate officers can misuse the doctrine to shield themselves from personal liability, using their company for their personal benefit. *See e.g., Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 901 (2d Cir.1981). For this reason, New York does not recognize it as a valid defense to personal jurisdiction under CPLR § 302. *See Kreutter v. McFadden Oil Corp.,* 71 N.Y.2d 460, 468, 527 N.Y.S.2d 195, 199, 522 N.E.2d 40, 43–44 (1988).

In the instant litigation, however, plaintiff does not even allege that Hoffmeister was using the corporation to shield himself from liability for actions taken in his personal interest. Hoffmeister did not stand to personally benefit from the actions he took on behalf of The Holson Company. For this reason, the fiduciary shield doctrine is inapplicable to the case.

■ Furthermore, Hoffmeister's personal contacts with New York will not support the exercise of this Court's jurisdiction over him. Hoffmeister's trips into New York were few and unrelated to the cause of action in this suit. It is unlikely that he could have forseen the possibility of being individually sued in a New York forum for three letters he mailed into the state for his company in this suit. *See Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). His infrequent visits to the state of New York for business and pleasure do not indicate that he purposefully availed himself of the benefits and protections of the state's laws for the activities involved in this suit, therefore the exercise of jurisdiction by a New York court in this case would be a violation of the defendant's due process rights. *See Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

*Conclusion*

For the reasons stated above, the defendant Hoffmeister's Rule 12(b)(2) motion to dismiss plaintiff's complaint for lack of personal jurisdiction is granted. The remaining parties are to appear for a conference in this action on August 5, 1991 at 10:15 p.m. in Courtroom 228.

SO ORDERED.